## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

v.

James Anthony Kroger,

                Defendant.

No. 24-cr-85(1) (DWF/DLM)

**ORDER**

This matter comes before the Court on Mr. Kroger's Motion for Release from Custody. (Doc. 46.) In his motion, Mr. Kroger argued that new, material information had come to light since the Court's April 12, 2024 Order of Detention (*found at* Doc. 24). Specifically, Mr. Kroger asserts that he has now been evaluated by a mental health professional, whose assessment supports his release. (*Id.*; *see also* Doc. 47 (Mental Health Evaluation).) The Court set a briefing schedule (Doc. 48), and the government submitted its response opposing Mr. Kroger's release on May 28, 2024 (Doc. 51).

At the same time that Mr. Kroger was seeking to reopen his detention hearing here pursuant to 18 U.S.C. § 3142(f), he was separately objecting to, and seeking revocation of, Magistrate Judge Schultz's Detention Order before the District Court pursuant to 18 U.S.C. § 3145(b). (Doc. 38.) The District Court overruled Mr. Kroger's objection on June 5, 2024. (Doc. 53.) The next day, this Court set a hearing on Mr. Kroger's instant Motion for Release from Custody, which is scheduled to be heard on June 27, 2024. (Doc. 54.)

On June 17, 2024, Mr. Kroger filed a Notice of Interlocutory Appeal of Magistrate Judge Schultz's Order of Detention, and Judge Frank's subsequent Order Overruling Defendant's Objection to the Order of Detention. (Doc. 55.) A few days later, the government emailed chambers for the undersigned, suggesting Mr. Kroger's appeal of the prior detention order divested the Court of jurisdiction to reopen the detention hearing. Mr. Kroger responded, also by email, and the Court ordered the parties to submit more formal letter briefs on the matter. Those have now been received. (Docs. 61, 63.)

The parties agree about little in their letter briefs. The government suggests that a motion to reopen the detention hearing is so intertwined with an original detention order that the Court ought to determine it has no jurisdiction. Otherwise, according to the government, there is a risk that this Court and the Eighth Circuit might "modify the same judgment," contrary to the principles of clarity and judicial economy. (Doc. 61 at 2 (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982)).) For his part, Mr. Kroger asserts that his Motion for Release from Custody is distinct from the Order of Detention that is the subject of his appeal, since his Motion for Release is a motion to reopen the issue of detention based on new facts pursuant to 18 U.S.C. § 3142(f), not an attack on the soundness of the prior detention order. (Doc. 63.) Mr. Kroger suggests that even in the event the Court determines it has no jurisdiction, it should go forward with a hearing on his Motion for Release and issue a so-called "Indicative Ruling" pursuant to Federal Rule of Criminal Procedure 37. (Doc. 63.)

Neither party has cited any case dealing with this particular circumstance, that is, whether a Court may reopen the issue of detention under 18 U.S.C. § 3142(f) while an

2

appeal of an underlying detention order is pending. Both sides direct the Court to *United States v. Ledbetter*, 882 F.2d 1345 (8th Cir. 2012). The issue in *Ledbetter* was whether a defendant could pursue a Rule 35 motion to vacate or reduce a sentence with the district court once he had filed an appeal. The Court noted the general rule that a federal district court and federal appellate court should not assert jurisdiction over the same case at the same time, and found good reason to apply that rule to Mr. Ledbetter's matter: Rule 35 motions take time, resources, and (perhaps) an evidentiary hearing, all of which might be meaningless based on the decision of the appellate court. *Id.* at 1348-49.

According to the government, motions to reopen detention hearings under § 3142 share enough similarities to Rule 35 motions that the two ought to be treated the same for jurisdictional purposes. In some respects, the government is correct. After all, by a Rule 35 motion a defendant seeks to undo something already done—here, the sentence already imposed. And that is the same for a motion to reopen detention. But *Ledbetter* itself highlights the important differences. Mr. Ledbetter's Rule 35 motion attacked the integrity of his sentencing proceeding and sought resentencing on that basis. *Ledbetter*, 882 F.2d at 1346-47. In a motion to reopen detention, a party does not contest the propriety of the original order of detention—that is done through other means (specifically, a motion for review or revocation of a detention order pursuant to 18 U.S.C. § 3145(b) and appeal pursuant to § 3145(c)). Rather, motions to reopen are concerned with newly-available evidence that might affect whether the defendant ought to remain detained. 18 U.S.C. § 3142(f). There are other important differences, too. For instance, in contrast to the specific

time limitations of Rule 35, detention hearings "may be reopened, before or after a determination by the judicial officer, at any time before trial." *Id.*

The Court notes the quandary that would be created by adopting the government's jurisdictional argument. The Bail Reform Act grants criminal defendants the right to argue for their release after their arrest. If the person is detained, they are then statutorily entitled to *both* (1) review and appeal of the original detention order *and* (2) reopening of the detention hearing if their circumstances materially change in a way that bears on issues of community safety and nonappearance risk. 18 U.S.C. §§ 3142(f), 3145(b) & (c). But under the government's regime, a person would forego their right to reopen a detention hearing by appealing the prior order of detention. This is not only inconsistent with the statutory text, but also makes little practical sense: it is not hard to imagine situations where a detained defendant's circumstances materially change—perhaps in a way where any rational person would agree they should now be released—but they would nonetheless be detained until their appeal of the prior (and now, factually stale) detention order were resolved. In essence, the government asks the Court to modify the text of § 3142(f) to allow a defendant to pursue a motion to reopen the issue of detention "at any time *except while an appeal of the original detention order is pending*." The Court cannot endorse such an approach.

For the reasons stated above, the Court will continue to assert jurisdiction over Mr. Kroger's Motion for Release from Detention, and the matter will proceed at the hearing already scheduled.[1]

**SO ORDERED.**

DATED: June 22, 2024                        _s/Douglas L. Micko_____
                                                                DOUGLAS L. MICKO
                                                                United States Magistrate Judge

---

[1] If the Court had no jurisdiction over the matter, it would nonetheless hold the hearing as scheduled an issue an Indicative Ruling pursuant to Federal Rule of Criminal Procedure 37.