## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 24-85 (DWF/DLM)

                Plaintiff,

v.                                                 **ORDER OVERRULING**
                                                   **DEFENDANT'S OBJECTION**
James Anthony Kroger,

                Defendant.


## INTRODUCTION

Before the Court is Defendant James Anthony Kroger's Appeal/Objection of Magistrate Judge Decision.  (Doc. No. 85.)  The Government opposes the appeal. (Doc. No. 95.)  After an independent review of the record and objection, the Court overrules Kroger's objections.

## BACKGROUND

Kroger has been charged with nine counts of wire fraud, three counts of money laundering, and one count of bankruptcy fraud.  (Doc. No. 1.)  The Government moved for the detention of Defendant Kroger on the grounds that there is a serious risk that Kroger "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."  18 U.S.C. § 3142(f)(2)(B).  Probation and Pretrial Services initially recommended that Kroger be conditionally released but then amended its Bail Report, recommending that Kroger be detained pending a mental health evaluation.  (*See* Doc. No. 24 at 2.)

Following a detention hearing, Magistrate Judge Schultz ordered that Kroger be detained pending trial. (*Id.* at 5.) Magistrate Judge Schultz further ordered that Kroger be evaluated by a mental health professional to advise the Court on further conditions that may be imposed. (*Id.*) Kroger objected to the initial Detention Order. (Doc. No. 38.) The Court overruled Kroger's objections. (Doc. No. 53.) Kroger then appealed the order to the Eighth Circuit. (Doc. No. 55.) On August 15, 2024, the Eighth Circuit affirmed the Court's detention order. (Doc. No. 99.)

Separately, and following the mental health evaluation, Kroger moved to reopen his detention and order his release given new evidence. (Doc. No. 46.) After an evidentiary hearing, Magistrate Judge Micko reopened the detention hearing but denied Kroger's motion for release. (Doc. No. 81.) Kroger now objects to the Magistrate Judge's order. (Doc. No. 85.)

## DISCUSSION

The Court reviews the factual findings and conclusions of law in the detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). A defendant may be detained pending trial "if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (internal quotations and citation omitted) (emphasis omitted); 18 U.S.C. § 3142(e)-(f).

The Court has reviewed the entirety of the record and the submissions of the parties. The Court agrees with the Magistrate Judge that the new evidence does not warrant Kroger's release. As outlined in the prior order (Doc. No. 53) and in the

Magistrate Judge's recent order (Doc. No. 81), Kroger repeatedly "depicts his personal involvement in ensuring his brand of 'justice' is carried out" in the Kroger Reports. (*Id.* at 8.) Kroger states numerous times that U.S. Attorney Andrew Luger "is to be executed." (Doc. No. 10 at 7.) He states that he would prefer a "nationally televised hanging." (*Id.* at 6.) At one point, Kroger asks Luger if he can "already feel that needle in [his] arm" and that he bets that Luger "can already smell those lethal injection drugs." (*Id.* at 8-9.) He states that he would not be surprised if Luger "were killed by the FBI before he can testify." (*Id.* at 7.) Kroger calls for the execution of "at least one federal employee" to "help keep the federal government honest." (*Id.* at 8.) He further asserts that "[t]here's a reckoning coming . . . I'll be seeing you" and "[d]on't test me or you're going to find out what it means to have the heart of a dragon." (Doc. No. 9 at 212, 277.) He claims that a "price must be paid. *I am Justice*." (Doc. No. 10 at 7 (emphasis added).)

Dr. Kenning diagnosed Kroger with Delusional Disorder, Mixed Type. (Doc. No. 47 at 8.) Dr. Kenning opined that while Kroger "continues to endorse focused grandiose and persecutory delusional beliefs[,] . . . [h]e is a bright person with a significant history of prosocial behavior." (*Id.* at 9.) Dr. Kenning testified that she did not believe, in her professional opinion, that Kroger posed a risk of physical violence or aggression. (Doc. No. 83 at 15.) But as noted by the Magistrate Judge, the Court is not just concerned with actual physical violence. Rather, the Court also considers the seriousness of Kroger's threats and the likelihood that he will continue making threats, including intimidating potential witnesses. The Court agrees with the Magistrate Judge

that Dr. Kenning did not assess Kroger's "risk of continuing to do what he did up until the night before his first appearance in court:  write and publish focused, graphic, violent suggestions that the United States Attorney, judges, FBI agents, and other people who he perceives as enemies be killed."  (Doc. No. 81 at 13.)  In fact, on July 4, 2024, Chief Judge Schiltz received a 32-page letter from Kroger[1], where he accused the Court of judicial misconduct and indicated that he has a "right to write" and "could care less if Andrew Luger, FBI agents, or anyone else involved in my investigation, or any witnesses, read what I write."

As the Court noted in its prior order, the Court has serious concerns that Kroger poses a threat to potential witnesses in this case, and to the judicial process as a whole, given the content of the Kroger Reports and other writings, the circumstances in which they were sent, and the escalation in the severity of Kroger's threats towards specific individuals involved in this case since his indictment.  The Court thus agrees with the Magistrate Judge's conclusion that no condition or combination of conditions will reasonably assure the safety of the community should Kroger be released pending trial.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Kroger's appeal/objection (Doc. No. [85]) to Magistrate

---

[1]        The Court will file a copy of the letter, restricted to the parties.

Judge Douglas L. Micko's July 3, 2024, Order granting in part and denying in part

Defendant's motion for release from custody is **OVERRULED**.


Dated:  August 23, 2024                   s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge