UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 24-85 (DWF/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| James Anthony Kroger, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant James Anthony Kroger's motion for disqualification or recusal of the undersigned as well as Magistrate Judges Douglas Micko, David Schultz, and Elizabeth Cowan Wright. (Doc. No. 106.) For the reasons set forth below, the Court denies the motion as to the undersigned.

**DISCUSSION**

The question of "whether disqualification is required in a particular case is committed to the sound discretion of the district judge." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). Under 28 U.S.C. § 455, a judge or magistrate judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, when evaluating a motion for disqualification or recusal, the Court considers "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *Moran v. Clarke*, 296 F.3d 638,

648 (8th Cir. 2002)). Judges are presumed to be impartial, so the party requesting disqualification "bears the substantial burden of proving otherwise." *Id.* (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Here, Defendant has not met his substantial burden. Defendant has made various allegations of bias and misconduct against the Court. First, he alleges that the Court threatened him regarding his filing of judicial misconduct complaints. The Court has made no such threats. Second, Defendant focuses on the Court's previous rulings in this case, including overruling his objections to earlier detention orders, allowing certain filings to remain under seal, and quoting Defendant's own words in an order. Adverse rulings alone do not show bias or partiality; a defendant must show more. *See Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003); *see also United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) ("[W]here a judge's opinions are based on facts introduced or events occurring in the course of the current proceedings, those opinions do not warrant recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Lastly, Defendant raises various other broad and offensive attacks on the Court's impartiality; however, he has not provided any evidence demonstrating that an average person knowing the facts of the case would question the Court's impartiality. In conclusion, Defendant has not carried his burden, thus the

undersigned is not obligated nor required to disqualify or recuse himself from this case, and the Court further declines to recuse.[1]

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion for disqualification or recusal of Senior District Judge Donovan Frank (Doc. No. [106]) is **DENIED**.

Dated:  December 4, 2024                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

---

[1] The Court does not address the motion for the disqualification or recusal of Magistrate Judges Micko, Schultz, and Wright in this Order. The Court anticipates that Magistrate Judge Micko will file his own order on this motion.

As to Magistrate Judges Schultz and Wright, neither of them are assigned to this case. Magistrate Judge Schultz presided over Defendant's initial appearance hearing and ordered his preliminary detention. He is no longer involved in this case and Magistrate Judge Micko along with the undersigned have since separately ruled on Defendant's detention. Magistrate Judge Wright has not been involved in this case until Defendant filed this motion. She is assigned to a separate civil case involving Defendant: Civil File No. 24-3772 (JWB/ECW). Given each of these Magistrate Judge's lack of continuing involvement in the instant case, the motion for their disqualification or recusal is moot. Magistrate Judge Schultz has since filed an order denying the motion as to himself as moot. (Doc. No. 115.) The Court anticipates that Magistrate Judge Wright will file her own order on this motion as well.