UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 24-85 (DWF/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| James Anthony Kroger, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant James Anthony Kroger's objections, (Doc. No. 125), to Magistrate Judge Douglas L. Micko's order dated December 6, 2024, (Doc. No. 119), and his motion to proceed *in forma pauperis* ("IFP"), (Doc. No. 126). The United States of America opposes Kroger's objections. (Doc. No. 129.) For the reasons set forth below, the Court overrules Kroger's objections and affirms the Magistrate Judge's order dated December 6, 2024. Additionally, the Court denies Kroger's IFP motion as moot.

## DISCUSSION

Kroger was charged with nine counts of wire fraud, three counts of money laundering, and one count of bankruptcy fraud on April 2, 2024. (Doc. No. 1.) Kroger is currently detained awaiting trial on these charges. He has filed several *pro se* motions related to his pretrial detention, including a motion for the disqualification or recusal of Magistrate Judge Micko. (Doc. No. 106.) Magistrate Judge Micko denied that motion in

an order dated December 6, 2024.  (Doc. No. 119.)  Kroger now objects to Magistrate Judge Micko's order under Local Rule 72.2(a).  Under that rule, a party may seek review of a magistrate judge's order on nondispositive matters by the assigned district judge.  The district judge must modify or set aside any portion of the magistrate judge's order that is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a)(3).

Under 28 U.S.C. § 455, a judge or magistrate judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  To make such a determination, a court considers "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case."  *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002)).  Judges are presumed to be impartial, so the party requesting disqualification "bears the substantial burden of proving otherwise." *Dehghani*, 550 F.3d at 721 (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Magistrate Judge Micko found that Kroger did not meet this substantial burden because he provided no evidence to support his allegations and made many false claims.  (Doc. No. 119 at 2.)  In his objections, Kroger focuses primarily on Magistrate Judge Micko's previous order denying his motion for release from pretrial detention, (Doc. No. 81 (the "pretrial release order")), and uses it to argue that Magistrate Judge Micko is biased against him.  As part of this argument, Kroger levels many unsupported claims against Magistrate Judge Micko, including that Magistrate Judge Micko is politically

2

motivated, manufacturing evidence, and misinterpreting his writings. Kroger also questions some of the procedure followed in his case and argues that it demonstrates bias and partiality.

After reviewing the record, the Court overrules Kroger's objections as he has not shown that Magistrate Judge Micko's order was clearly erroneous or contrary to law. To start, prior adverse rulings alone are not enough to show bias or partiality, unless those rulings demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (quoting *United States v. Gamboa*, 439 F.3d 796, 817 (8th Cir. 2006)); *see also Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003). Magistrate Judge Micko's prior orders in this case, including the pretrial release order, do not demonstrate any such favoritism or antagonism. In fact, the pretrial release order was affirmed by this Court, (Doc. No. 102), and the original detention order in this case, based on the same grounds, was affirmed by the Eighth Circuit, (Doc. No. 100). All of Kroger's other accusations against Magistrate Judge Micko are unsupported or false.

Next, Kroger argues that Magistrate Judge Micko is close with Magistrate Judge Wright, who he alleges will be a material witness in this case. (Doc. No. 125 at 33.) Regardless of whether the two magistrate judges would qualify as "close" under the disqualification statute, there is no evidence whatsoever that Magistrate Judge Wright is likely to be a material witness in this case. She is assigned to Kroger's civil case in this district and is not involved in this case whatsoever.

Lastly, Kroger takes issue with the fact that Magistrate Judge Micko ruled on a motion for his own recusal or disqualification. (Doc. No. 125 at 33-34.) It is not unusual for a judge to rule on a motion for their own disqualification. In fact, this is the usual and preferred procedure "because '[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion.'" *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (8th Cir. 1988)); *see also In re Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 677 F. Supp. 3d 925, 929 (D. Minn. 2023) (holding that a magistrate judge could hear a motion for their own disqualification). Thus, Magistrate Judge Micko properly heard and ruled on the motion for his own recusal or disqualification.

In conclusion, Kroger has not shown that Magistrate Judge Micko's order was clearly erroneous or contrary to law. Accordingly, the Court overrules Kroger's objections and affirms the order.

Lastly, the Court denies Kroger's IFP motion as moot. It does not appear that there is a need for Kroger to request IFP status at this time. Kroger may reapply for IFP status should such a need arise.

## ORDER

Based upon the Court's careful review of the Magistrate Judge's order and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant James Anthony Kroger's objections (Doc. No. [125]) to Magistrate Judge Douglas L. Micko's order dated December 6, 2024, are **OVERRULED**.

2. Magistrate Judge Douglas L. Micko's order dated December 6, 2024, (Doc. No. [119]) is **AFFRIMED**.

3. Defendant James Anthony Kroger's motion to proceed *in forma pauperis* (Doc. No. [126]) is **DENIED AS MOOT**.

Dated: January 13, 2025            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge